Michael T. **MISCANNON**

v.

Wilbur J. **COHEN.**

Civ. A. No. 68–331.

United States District Court
E. D. Pennsylvania.

Oct. 1, 1969.

Joseph A. Zane, Schuylkill Haven, Pa., for plaintiff.

Louis Bechtle, U. S. Atty., and Merna Marshall, Asst. U. S. Atty., for defendant.

## OPINION

HANNUM, District Judge.

This is a suit under Sec. 205(g) of the Social Security Act, 42 U.S.C. § 405(g) to review a final decision of the Secretary of Health, Education and Welfare. Both parties have moved for summary judgment.

The plaintiff filed an application for disability insurance benefits on June 29, 1965 describing his disabling condition as "anthracosilicosis (3rd stage)—difficult breathing, tired easy, rapid heart beat, related symptoms."

A letter denying the plaintiff's application was sent November 1, 1965. A hearing was conducted by the hearing examiner on October 12, 1966. Present at this hearing were the plaintiff and a Dr. Leach, a general practitioner, who had been treating the plaintiff, and a Mr. David S. Frank, a vocational consultant, who testified as to the existence of jobs within the area. In addition to the testimony of Dr. Leach, the medical evidence included reports from several other doctors including Dr. Theodos, a specialist in pulmonary diseases. In a decision rendered on November 23, 1966 the hearing examiner determined that the plaintiff was not entitled to disability benefits under Section 216(i) and Section 223 of the Social Security Act, 42 U.S.C. Sections 416(i) and 423. Upon review of the hearing examiner's decision by the Appeals Council, the case was remanded to the hearing examiner for the purpose of obtaining additional testimony and evidence and to allow the plaintiff's representative to cross-examine such witnesses as he desires including the physicians who have recently conducted examinations of the plaintiff. A new hearing was held in accordance with the decision of the Appeals Council and it was decided on November 22, 1967 that the plaintiff was not entitled to disability benefits.

It is apparent from a reading of the record that the findings of the hearing examiner are supported by substantial evidence and cannot be set aside. There was medical evidence presented which did support the plaintiff's claim. However, there was also an abundant amount of medical evidence to the contrary. "Where the evidence was in conflict, or subject to conflicting inferences, it was for the Appeals Council on behalf of the Secretary to resolve such conflicts." Gotshaw v. Ribicoff, 307 F.2d 840, 845 (4th Cir. 1962), cert. denied, Heath v. Celebrezze, 372 U.S. 945, 83 S.Ct. 938, 9 L.Ed.2d 970 (1963). The issue was resolved in favor of the Secretary.

## ORDER

And now, this 1st day of October, 1969, it is hereby ordered that plaintiff's motion for summary judgment is denied, and defendant's motion for summary judgment is granted.